[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No.  20-14580
Non-Argument Calendar

_____

D.C. Docket No. 1:84-cr-00499-JIC-3

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ROBERTO LUIS RENE MARTINEZ,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 30, 2021)

Before WILSON, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Roberto Martinez appeals the district court's order denying his "motion to correct the judgment and commitment order [("J&C")]." The government has responded by moving for summary affirmance and to stay the briefing schedule.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). An appeal is frivolous if it is "without arguable merit either in law or fact." *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002).

Under Fed. R. Crim. P. 35(a), district courts have 14 days to correct a sentence that resulted from arithmetical, technical, or other clear error. *Id.* A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. Fed. R. Civ. P. 59(e).

Here, there is no substantial question that the district court did not err in denying Martinez's judgment because there was nothing it could do to correct the J&C. First, Martinez's motion was untimely, as it was filed 14 years after his conviction was vacated, well past the 28-day time limit. *See id.* Moreover, the district court vacated the conspiracy count in 2006 and, thus, there was nothing more for the district court to do as it is past the 14-day limit under Rule 35(a). *See* Fed. R. Crim. P. 35(a). Additionally, Martinez's statements concerning his motion for compassionate release are not properly before this Court in the instant appeal,

2

because Martinez appealed the denial of that motion in a separate appeal before this Court. However, even where the district court mentioned his Count 4 in its order denying his motion for compassionate release, it simply noted that Count 4 was subsumed into Count 3 for sentencing purposes. Accordingly, the government's motion for summary affirmance is GRANTED and its motion to stay the briefing schedule is DENIED as moot.